UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SYED JAMAL**, <br><br> Plaintiff, <br><br> v. <br><br> **RTX CORPORATION**, et al., <br><br> Defendants. | Case No. 5:24-cv-02272-SRM-SPx <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9], [27]** |

## I.  INTRODUCTION

Plaintiff Syed Jamal moves the Court to remand this case to Riverside County Superior Court. Dkt. 9, Mot.; *see also* Dkt. 27. Defendants ARINC Incorporated doing business as Collins Aerospace, Zachary Schloss, Raytheon Technologies Incorporated, RTX Corporation, and Goodrich Corporation oppose the motion. Dkt. 14, Opp'n. The Court has read and considered the papers filed in connection with the Motion. For the reasons discussed below, the Motion to Remand is **DENIED**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Syed Jamal began working as an engineer for Collins Aerospace in 2013. During the COVID-19 pandemic, Jamal had to work from home due to the mandatory stay-at-home orders. He claims that, during this time, he began suffering severe back pain

from working long hours at a stationary desk. Jamal notified Collins Aerospace about his back condition, but it did not engage in the interactive process and refused to offer him reasonable accommodations. Soon after, Jamal claims that his supervisor began micromanaging his work, scrutinizing his work product, and giving him poor work performance reviews. Jamal's back pain worsened over time, and, in June 2021, his treating physician placed him on disability leave. When he returned to work, Jamal alleges that a new supervisor continued to subject him to various adverse employment actions, and that another supervisor refused to provide him with reasonable accommodations for his back condition. He lodged a formal complaint with Collins Aerospace to resolve these issues. Collins Aerospace terminated his employment.

On September 18, 2024, Jamal commenced this action in Riverside County Superior Court against Collins Aerospace, Zachary Schloss, Raytheon Technologies Incorporated, RTX Corporation, and Goodrich Corporation. He alleges, in conclusory fashion, these defendants were joint employers and are all responsible for his injuries. *See, e.g.*, Compl. ¶¶ 11. Jamal asserts six claims for relief under the Fair Employment and Housing Act against Collins and Does 1 through 20, *see id.* ¶¶ 34–100, a whistleblower retaliation claim under California Labor Code § 1102.5 against Collins and Does 1 through 20, *see id.* ¶¶ 101–11, and claims for intentional and negligent infliction of emotional distress against all the defendants, *see id.* ¶¶ 112–124.

On October 24, 2024, Defendants timely removed the case to this Court claiming diversity jurisdiction. According to Defendants, Jamal is a California citizen, and Collins Aerospace, Schloss, RTX Corporation, and Goodrich Corporation are all non-California citizens. Defendants acknowledge that Raytheon Technologies Incorporated ("RTI") is a California corporation, but they contend that its California citizenship should be disregarded because it was a fraudulently joined to defeat diversity jurisdiction. Dkt. 1, Notice of Removal ¶¶ 28–40.

1  Jamal now moves to remand this case to Riverside County Superior Court, arguing
2  there is incomplete diversity between him and RTI.[1] Defendants ARINC Incorporated
3  doing business as Collins Aerospace, Zachary Schloss, RTI, RTX Corporation, and
4  Goodrich Corporation oppose the motion to remand.

## III.  DISCUSSION

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A state civil action may be removed to federal court only if the federal court would have had subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *Id.* §§ 1331, 1332. Diversity jurisdiction requires that each plaintiff have different citizenship than each defendant. *See id.* § 1332(a).

### A.  Fraudulent Joinder

The "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "A defendant is fraudulently joined if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint." *Harwood v. Option Care Enters., Inc.*, No. CV 19-1239, 2019 WL 1952692, at *6 (C.D. Cal. May 2, 2019).

The term *fraudulent joinder* is a bit of a misnomer. *Weeping Hollow Ave. Tr. v. Spencer,* 831 F.3d 1110, 1113 (9th Cir. 2016). While it is a "term of art," *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), fraudulent joinder is not intended to

---

[1] Jamal objects to the declarations Defendants offered in support of the Notice of Removal. (*See* Dkt. 10–12.) He also requests that the Court take judicial notice of the remand order issued in *McBee v. Raytheon Technologies Incorporated*, No. 23-cv-07271 (C.D. Cal. Jan. 16, 2024). (*See* Dkt. 13.) The Court need not address these issues because remand is warranted for reasons that do not depend on the resolution of the objections and request. Accordingly, the objections are **OVERRULED**, and the request for judicial notice is **DENIED**.

impugn the integrity of a plaintiff or its counsel, and it is not concerned with a subjective intent to deceive, *Black v. Merck & Co., Inc.*, No. CV 03-8730, 2004 WL 5392660, at *1 (C.D. Cal. Mar. 3, 2004). Fraudulent joinder instead refers to the principle that the citizenship of a nondiverse defendant should be disregarded for diversity-removal jurisdiction purposes. *See Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1154 (N.D. Cal. 2003).

A removing defendant bears the burden of showing that plaintiff cannot "'establish a cause of action against the non-diverse party in state court.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In other words, a defendant must show that a non-diverse defendant, here, RTI., cannot be liable under any theory of liability in state court. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). If there is any possibility that state law might impose liability under the alleged cause of action, a court cannot find that joinder of the non-diverse defendant fraudulent. *Hunter*, 582 F.3d at 1044; *see also Harwood*, 2019 WL 1952692, at *6 ("Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper 'where defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment.'") (quoting *Johnson v. Wells Fargo & Co.*, No. CV 14-06708, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2024).

The defendant bears a "'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). As such, a defendant "is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. "Courts should resolve doubts as to removability in favor of remanding the case to state court." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, the removing party is entitled to present additional facts to demonstrate that a

defendant has been fraudulently joined. *Grancare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A court "may look to affidavits and other evidence to determine whether the joinder is a sham but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of Plaintiff." *Harris v. Elevance Health, Inc.*, No. CV 24-03968, 2024 WL 3815418, at *2 (C.D. Cal. Aug. 12, 2024); *see also* Judge Karen L. Stevenson & James E. Fitzgerald, *Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial*, ¶ 2:2295 (Apr. 2025) ("The district court may also consider *affidavits or other evidence* (presented by either party) on the issue of whether a particular defendant's joinder is 'sham' or 'fraudulent.'") (citing W. Am. Corp. v. Vaughan-Bassett Furniture Co., Inc., 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

     Defendants argue RTI's California citizenship should be disregarded because it was fraudulently joined to defeat diversity citizenship. They contend that RTI was not Jamal's direct employer, and that it cannot be considered his joint employer as a matter of law. Because only employers can be held liable under FEHA, Defendants argue Jamal cannot establish any FEHA claim against RTI. Jamal contends that he properly alleges that RTI and the other defendants operated as joint employers and are jointly liable under FEHA and the emotional distress claims.

     A totality-of-the-circumstances test is used to determine whether a person is a joint employer. *Vernon v. California*, 10 Cal. Rptr. 3d 121, 124 (Cal. Ct. App. 2004). Factors to consider when assessing the relationship between two alleged employers includes "payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor,

whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment." *Id.* at 130. These factors are not "applied mechanically as separate tests; they are intertwined, and their weight depends often on particular combinations." *Id.* The most important factor is "the extent of the defendant's right to control the means and manner" of the employee's performance. *Id.* (quotation marks omitted). "In all cases, an employer must be an individual or entity who extends a certain degree of control over the plaintiff." *Id.* (quotation marks omitted). When looking at the employer's means to control an employee, a court considers "the level of control an organization asserts over an individual's access to employment opportunities." *Id.* An employer's control over an employee must be significant, and there must be sufficient indicia of an interrelationship to justify the belief on the part of an aggrieved employee that the alleged joint employer is jointly responsible for the acts of the immediate employer. *Id.* at 130–31.

  As an initial matter, Jamal does not assert any claims under FEHA or the California Labor Code against RTI. *See* Compl. ¶¶ 34–111. He only asserts emotional distress claims against it which arose in the workplace environment. *See id.* ¶¶ 119–124. Although the employer-employee relationship is not a dispositive issue when it pertains to an emotional distress claim, Jamal does not allege any facts to suggest that RTI either intentionally or negligently caused him emotional distress outside the workplace environment. In fact, RTI is mentioned only three times throughout the Complaint: once in paragraph five where Jamal identifies RTI as a defendant, *id.* at ¶ 5, and two more times in paragraphs 8 and 11 where Jamal claims, in conclusory fashion, that he was RTI's employee, *id.* ¶¶ 8, 11. Notably, when describing the incident, Jamal focuses only on Schloss, the Doe defendants, and Collins' alleged wrongful conduct. In his motion, he asserts that "all other named entity Defendants operated as joint employers of Plaintiff," Mot. at 7, and that the declarations submitted by Defendant "provide nothing more than

mere inconsistent hearsay statements that do not adequately reflect the controlling parties of Plaintiff's employment," *id.* at 9.

Contrary to Jamal's assertions, the evidence offered by defendants show by clear and convincing evidence that RTI was neither Jamal's direct employer or a joint employer with Collins and Schloss. For example, David Levine[2]—RTI's Assistance Secretary-Tax—attests that the references to RTI in Jamal's personnel records refer to RTX Corporation, the national entity, not RTI. Dkt. 14-6, Decl. of David Levine ¶ 3. He further states that RTI has ever employed anyone in California. *Id.* According to Levin, RTI is a dormant holding company: it does not own any physical property, run payroll, or had any income generating sales since 2019. *Id.* Most importantly, Levine declares that RTI "does not exercise any control over the operations, policies or personnel of any other entity, including Goodrich Corporation or RTX Corporation." *Id.*

The declaration from Jennifer M. Boivin[3] lends further support that RTI was not a joint employer. *See generally* Dkt. 14-8, Decl. of Jennifer M. Boivin. Boivin is the Associate Director, Entity Management, Legal, Contracts and Compliance for Collins. *Id.* ¶ 1. In her position, she has access to RTX Corporation's corporate formation records. *Id.* ¶ 3. She attests that in February 2000, RTI was repurposed to serve as a holding company for intellectual property assets for RTX Corporation's subsidiary. *Id.* ¶ 4. According to Boivin, "RTI has no subsidiaries, no active operations and no employees. RTI has been dormant for more than ten years." *Id.*

In considering the totality of the circumstances, Defendants have sufficiently established that RTI serves as a holding company of Raytheon Company's intellectual property assets and has no subsidiaries, active operations or employees. Thus, RTI could not control the means and manner of Jamal's employment, nor those of the other

---

[2] Jamal raises numerous objections to Devine's declaration. *See* Dkt. 11. These objections are **OVERRULED**.
[3] Jamal likewise raises numerous objections to Boivin's declaration. *See* Dkt. 10. These objections are **OVERRULED**.

defendants. Jamal has not alleged any facts in support of his theory that RTI jointly employed him. Jamal only alleges that Schloss's job title lists RTI as a common employer, but in light of Defendant's evidence, this fact is unavailing.

Based on the reasons set forth above, all the claims against RTI depend on the existence of a type of employer-employee relationship or that RTI was a joint employer with the other defendants. Amendment would be futile because Defendants offered facts to demonstrate why RTI could not be liable on any theory, and Jamal = did not refute those facts. Therefore, the Court determines that Defendants established that there is *no possibility* that Plaintiff can state a claim against RTI.

Considering that Jamal and RTI are nondiverse parties, the Court will disregard the latter's citizenship and finds that complete diversity exists between Jamal and the remaining defendants. Because this case is not being remanded, Jamal is not entitled to attorneys' fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the above reasons, the Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE